HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER CARRERA, ET AL,<br><br>        Plaintiffs,<br><br>  v.<br><br>WHITEPAGES, INC.<br><br>        Defendant. | Case No. 2:24-cv-01408-JHC<br><br>WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION<br><br>**NOTE ON MOTION CALENDAR:<br>DECEMBER 6, 2024** |

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ................................................................................................................... 1

II. RELEVANT FACTS ............................................................................................................... 1

III. ARGUMENT ........................................................................................................................... 3

    A. The Court Should Compel Arbitration of Plaintiffs' Claims ..................................... 3

        1. Plaintiffs Agreed to Arbitration ...................................................................... 3

        2. Plaintiffs Are Bound by Their Attorneys' Acceptance of the Terms of Service ............................................................................................................. 4

        3. The Arbitrator Must Decide the Issue of Arbitrability ................................... 5

    B. The Court Should Stay the Case Pending Arbitration of Plaintiffs' Claims .............. 6

IV. CONCLUSION ........................................................................................................................ 7

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - i
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

# TABLE OF AUTHORITIES

**Cases**

*Ballard v. Corinthian Colleges, Inc.*,
    No. C06-5256, 2006 WL 2380668 (W.D. Wash. Aug. 16, 2006) ........................................7

*Berman v. Freedom Fin. Network, LLC*,
    30 F.4th 849 (9th Cir. 2022) ...............................................................................................3

*Boland v. Amazon.com Sales, Inc.*,
    628 F. Supp. 3d 595 (D. Md. 2022) ....................................................................................6

*Boshears v. PeopleConnect, Inc.*,
    No. 22-35262, 2023 WL 4946630 (9th Cir. Aug. 3, 2023) .................................................5

*Brennan v. Opus Bank*,
    796 F.3d 1125, 1130 (9th Cir. 2015) ..................................................................................6

*Caremark, LLC v. Chickasaw Nation*,
    43 F.4th 1021 (9th Cir. 2022) .............................................................................................3

*Cox v. Ocean View Hotel Corp.*,
    533 F.3d 1114 (9th Cir. 2008) ............................................................................................3

*Dana v. Boren*,
    133 Wn. App. 307, 135 P.3d 963 (2006). ...........................................................................5

*First Options of Chicago v. Kaplan*,
    514 U.S. 938 (1995)............................................................................................................4

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    586 U.S. 63 (2019)..............................................................................................................6

*Independent Living Resource Center San Francisco v. Uber Technologies, Inc.*,
    Case No. 18-cv-06503-RS, 2019 WL 3430656 (N.D. Cal. July 30, 2019) .........................5

*Knapke v. PeopleConnect, Inc.*,
    38 F.4th 824 (9th Cir. 2022) ...............................................................................................5

*Kuhk v. Playstudios Inc.*,
    Case No. 2:24-cv-00460-TL, 2024 WL 4529263 (W.D. Wash. Oct. 18, 2024)..................4

*Mohamed v. Uber Technologies, Inc.*,
    848 F.3d 1201 (9th Cir. 2016). ...........................................................................................3

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)................................................................................................................7

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - ii
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

*Patrick v. Running Warehouse, LLC*,
    93 F.4th 468 (9th Cir. 2024) ..................................................................................4

*Reichert v. Rapid Invs., Inc.*,
    56 F.4th 1220 (9th Cir. 2022) ................................................................................4

*Weimin Chen v. Sierra Trading Post, Inc.*,
    Case No. 2:18-cv-1581-RAJ, 2019 WL 3564659 (W.D. Wash. Aug. 6, 2019) ..................6

*West v. Thurston Cty.*,
    168 Wn. App. 162, 275 P.3d 1200 (2012) ............................................................4

**Statutes/Rules**

AAA, Commercial Rules, Rule R-7(a) ...............................................................................6

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - iii
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## I.  INTRODUCTION

Defendant Whitepages, Inc. ("Whitepages") respectfully requests that the Court compel Plaintiffs Jennifer Carrera, Carol Anderson, and Becky Jo Palmer, to arbitrate the claims they bring in their Complaint.  The Complaint contains screenshots of the free products that Whitepages offers to users, demonstrating that Plaintiffs or their counsel accessed those products.  Whitepages' sites contain Terms of Service, which govern not only the use of paid and subscription products but also Whitepages' free products.  Those Terms of Service contain broad arbitration provisions that require disputes to be resolved by binding arbitration.

By consenting to the Terms of Service, Plaintiffs are bound by the arbitration provisions. This Court should compel arbitration and stay this action pending the outcome of that arbitration. Whitepages separately has moved to dismiss Plaintiffs' claims.  If the Court finds that any claims are not arbitrable, it should, as an alternative to compelling arbitration, grant Whitepages' motion to dismiss.

## II.  RELEVANT FACTS

Plaintiffs allege that Whitepages has violated the right of publicity statutes of four states— California, Illinois, Ohio, and Washington.  *See* Dkt. 1 ("Complaint") ¶¶ 9-12.  Plaintiffs allege that Whitepages creates "free-preview 'profile' pages" for millions of Americans and uses them to "advertise" its paid subscription services on three websites—www.whitepages.com; www.peoplesearch.com; and www.411.com.  Compl. ¶¶ 3-4.  Plaintiffs allege that each of these so-called "profile" pages contains publicly available information about the individual, including their "name, address, workplace, phone number, [and] email address."  Compl. ¶ 60.

When a user accesses one of Whitepages' websites, a pop up appears alerting them to the Privacy Policy and Terms of Service.  For example, the below screenshot is taken from peopleseach.com:

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 1
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

[Screenshot of PeopleSearch webpage showing "Free People Search" interface with name and location search fields, FAQ section, and a cookie/privacy pop-up with "Got it" button.]

To clear the pop-up, a user must click the "Got it" button. A user may click on the link to the Terms of Service to view them. The Terms of Service for whitepages.com are available at https://www.whitepages.com/terms-of-service. The Terms of Service for peoplesearch.com are available at https://peoplesearch.com/terms-of-service. The Terms of Service for 411.com are available at https://www.411.com/terms-of-service. The Terms of Service for each of these three sites are identical.

The Terms of Service cover any use of the "Services" as defined therein. "Services" are defined as Whitepages' "free-to-use consumer Web sites (e.g., whitepages.com, 411.com), pay-to-use consumer Web sites, identity management services, and related mobile-focused applications and Web sites." *See, e.g.*, https://www.whitepages.com/terms-of-service (last accessed Nov. 7, 2024). The Terms of Service are clear that "[e]ach time" a user "access[es] or use[s] the Services," she "signif[ies] that [she has] read, understand[s], and agree[s] to be bound by these Terms." *Id.*

Section 12.10 contains a dispute resolution provision that requires all disputes to be resolved through binding arbitration. *See id.*, § 12.10. The dispute resolution provision also

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 2
(Case No. 2:24-cv-01408-JHC)

BRYAN CAVE LEIGHTON PAISNER LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

requires pre-arbitration notice of any potential dispute to give Whitepages the opportunity to resolve the dispute through informal negotiation. *See id.* Plaintiffs have not complied with these provisions.

### III.   ARGUMENT

**A.   The Court Should Compel Arbitration of Plaintiffs' Claims**

The Federal Arbitration Act "governs the allocation of authority between courts and arbitrators." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). Because the FAA requires courts to direct parties to arbitration where a valid arbitration agreement exists, this Court has a limited role in deciding whether to compel arbitration or not. *Id.* "[T]he FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* Where there is "[c]lear and unmistakable evidence of an agreement to arbitrate arbitrability," issues of arbitrability must be decided by the arbitrator. *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016). Such a "delegation" clause "commits to the arbitrator nearly all challenges to the arbitration provision." *Id.*

Here, the Terms of Service contain an express delegation clause, which unambiguously "delegates to the arbitrator gateway questions of arbitrability, such as . . . whether the agreement is enforceable at all." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029 (9th Cir. 2022). Given the presence of the delegation clause, the only threshold issue for this Court is the question whether a valid agreement to arbitrate exists. This is a question of contract formation. *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). Because Plaintiffs agreed to the Terms of Service, they are bound by its terms—including the arbitration provision. This Court should compel arbitration of Plaintiffs' claims.

**1.   Plaintiffs Agreed to Arbitration.**

Under Washington law, the "formation of a contract . . . requires mutual consent to

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 3
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  sufficiently definite terms, as well as consideration." *Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220,
2  1227 (9th Cir. 2022); *see First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995) ("When
3  deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts
4  generally … should apply ordinary state-law principles that govern the formation of contracts.").
5  These principles apply in the online context. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468,
6  476 (9th Cir. 2024) (applying California law). "[I]f a website offers contractual terms to those who
7  use the site, and a user engages in conduct that manifests her acceptance of those terms, an
8  enforceable agreement can be formed." *Id.*

9        Here, Plaintiffs (or their attorneys) accessed Whitepages' free products, thereby accepting
10 Whitepages' Terms of Service.  The Terms of Service were hyperlinked in a pop-up that appears
11 when an individual visits the site for the first time.  The pop-up requires the user to click an
12 acceptance button, putting the user on notice of the requirements of the Terms of Service.  The
13 Terms of Service are thus distinguishable from traditional "browsewrap" agreements "where the
14 website offers terms that are disclosed only through a hyperlink." *Kuhk v. Playstudios Inc.*, Case
15 No. 2:24-cv-00460-TL, 2024 WL 4529263, at *3 (W.D. Wash. Oct. 18, 2024).  By using the
16 website, Plaintiffs were put on notice of the existence of the Terms of Service—including its
17 dispute resolution provision—and should be bound by those terms.

18       **2.    Plaintiffs Are Bound by Their Attorneys' Acceptance of the Terms of Service.**
19       Plaintiffs may argue that their attorneys (not Plaintiffs) used Whitepages' services and
20 therefore Plaintiffs are not bound by their attorneys' agreement to arbitrate.  That argument ignores
21 that Plaintiffs' attorneys were acting as their agents when they agreed to the Terms of Service.  The
22 attorney-client relationship "is generally a type of principal-agent relationship." *West v. Thurston*
23 *Cty.*, 168 Wn. App. 162, 183, 275 P.3d 1200 (2012).  Here, Plaintiffs clearly have an attorney-
24 client relationship with their attorneys.  And the screenshots in Plaintiffs' Complaint demonstrate
25 that, at minimum, Plaintiffs' attorneys accessed Whitepages' free services, binding them to the

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 4
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    Terms of Service, and did so on Plaintiffs' behalf.

2    Under Washington law, a principal is bound by a contract "made through an agent on his behalf." *Dana v. Boren*, 133 Wn. App. 307, 311, 135 P.3d 963 (2006). That is why "[a]rbitration agreements may encompass nonsignatories under contract and agency principles." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 833 (9th Cir. 2022). Here, Plaintiffs' attorneys had "implied authority" to enter into the Terms of Service and be bound by the arbitration clauses by virtue of their attorney-client relationship. Alternatively, if Plaintiffs "knowingly accepted a benefit from, failed to repudiate, or exhibited conduct[] adopting" the benefits of Whitepages' services via their attorneys' conduct, then they similarly are bound to arbitrate based on the Terms of Service. *Boshears v. PeopleConnect, Inc.*, No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023).

*Independent Living Resource Center San Francisco v. Uber Technologies, Inc.* is instructive. Case No. 18-cv-06503-RS, 2019 WL 3430656 (N.D. Cal. July 30, 2019). In that case, the plaintiffs' attorneys' paralegal "used the Uber App to gather evidence." *Id.* at *4. That evidence was used to "bolster" plaintiffs' claims and then was "specifically referenced" in plaintiffs' complaint. *Id.* As a result, the paralegal—acting as plaintiffs' agent—bound plaintiffs to the terms of service, including the arbitration provision therein, and Uber's motion to compel arbitration was granted. *Id.* The same result should follow here, where Plaintiffs' attorneys accessed Whitepages' services, thereby binding their clients to the arbitration provision in the Terms of Service.

### 3.    The Arbitrator Must Decide the Issue of Arbitrability.

The parties delegated to the arbitrator the question whether Plaintiffs' claims are within the scope of the arbitration agreement. The arbitration agreements state, in all capital letters: "THE ARBITRATOR WILL DECIDE ALL THRESHOLD QUESTIONS, INCLUDING BUT NOT LIMITED TO, ISSUES RELATING TO THE ENFORCEABILITY, REVOCABILITY, OR VALIDITY OF THIS SECTION 12.10." TOS, § 12.10. Arbitrability is just such a threshold issue

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 5
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

and goes to the enforceability, revocability, and validity of the arbitration agreement. By its express terms, the arbitration agreement confirms that the parties intended to arbitrate the question of arbitrability.

In the alternative, the arbitration provision expressly incorporates the rules of the American Arbitration Association. *See id.* ("Any arbitration, if required, will be conducted by AAA under its then current and applicable rules and procedures."). The AAA rules empower the arbitrator to rule on "any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court." *See* AAA, Commercial Rules, Rule R-7(a), *available at* https://www.adr.org/sites/default/files/CommercialRules_Web_1.pdf (last accessed Nov. 7, 2024). Because of this clear directive, the Ninth Circuit has held that "incorporation of the AAA rules" into an arbitration agreement "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Weimin Chen v. Sierra Trading Post, Inc.*, Case No. 2:18-cv-1581-RAJ, 2019 WL 3564659, at *4 (W.D. Wash. Aug. 6, 2019).

Because plaintiffs agreed to delegate decisions about arbitrability to an arbitrator, the Court "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). Thus, the Court need not and "cannot" address arguments that "claims fall outside of the scope of the [arbitration agreement]" or rule on "challenges to the validity of the parties' contract *as a whole*." See *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 600-01 (D. Md. 2022) (emphasis in original) (granting motion to compel arbitration of copyright, trademark, and unjust enrichment claims by self-published author for alleged unauthorized third-party listings under applicable terms).

**B.    The Court Should Stay the Case Pending Arbitration of Plaintiffs' Claims.**

Because all Plaintiffs' claims are subject to arbitration, this case should be stayed. Under

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 6
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

the FAA, a Court must stay proceedings in an action when it is "satisfied that the issue involved in such suit or proceeding is referable to arbitration[.]" 9 U.S.C. § 3; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983). If only some of Plaintiffs' claims are arbitrable, the Court still should stay the case pending the outcome of the arbitration because Plaintiffs' claims all "[d]epend on the same facts"—namely, Whitepages' alleged use of Plaintiffs' identities to advertise its subscription and paid products—and are "inherently inseparable." *See Ballard v. Corinthian Colleges, Inc.*, No. C06-5256, 2006 WL 2380668, at *1-2 (W.D. Wash. Aug. 16, 2006). Here, allowing Plaintiffs to litigate the same issues in two different forums at the same time would be a waste of judicial resources and would create the risk of inconsistent decisions. *See id.* The Court should avoid this potential outcome by staying the litigation pending the outcome of the arbitration.

## IV.  CONCLUSION

For the foregoing reasons, the Court should compel arbitration of Plaintiffs' claims and stay the litigation, alternatively it should dismiss plaintiffs' claims altogether. Dkt. 13.

DATED this 8th day of November, 2024.   BRYAN CAVE LEIGHTON PAISNER LLP

By: *s/Timothy G. Leyh* *
By: *s/ Tyler L. Farmer*
By: *s/ Ariel A. Martinez*
By: *s/ Erica R. Iverson*
   Timothy G. Leyh, WSBA #14853
   Tyler L. Farmer, WSBA #39912
   Ariel A. Martinez, WSBA #54869
   Erica R. Iverson, WSBA #59627
   999 Third Avenue, Suite 4400
   Seattle, WA 98104
   Tel:  (206) 623-1700
   Email: timothy.leyh@bclplaw.com
   Email: tyler.farmer@bclplaw.com
   Email: ariel.martinez@bclplaw.com
   Email: erica.iverson@bclplaw.com

*Attorneys for Whitepages, Inc.*

---

* I certify that this memorandum contains 1,933 words, in compliance with the Local Civil Rules.

WHITEPAGES, INC.'S MOTION TO COMPEL ARBITRATION - 7
(Case No. 2:24-cv-01408-JHC)

**BRYAN CAVE LEIGHTON PAISNER LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717