THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JENNIFER CARRERA, CAROL ANDERSON, and BECKY JO PALMER, individually and on behalf of all others similarly situated,

        Plaintiffs,

  v.

WHITEPAGES, INC.,

        Defendant.

Case No. 2:24-cv-01408-JHC

NOTE ON MOTION CALENDAR:

January 14, 2025

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S <u>MOTION TO COMPEL ARBITRATION</u>

---

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................1

LEGAL STANDARD...............................................................................................................2

ARGUMENT ...........................................................................................................................3

    A. Defendant Has Not Met Its Burden to Show the Existence of an Agreement to Arbitrate ........................................................................................3

        1. The Motion is Supported by No Evidence Whatsoever, Let Alone Any Showing that Plaintiffs Assented to the Terms of Use, and Therefore Falls Far Short of Establishing the Existence of an Agreement to Arbitrate ............................................................................4

        2. Defendant Has Not Established an Agency Relationship Sufficient to Bind Plaintiffs to the Terms of Service ............................................9

    B. The Court Should Not Stay This Action...................................................................12

CONCLUSION......................................................................................................................12

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

i

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

# TABLE OF AUTHORITIES

**CASES**

*Baker v. Italian Maple Holdings, LLC*,
  13 Cal. App. 5th 1152 (2017) ...............................................................................................4

*Blanton v. Womancare, Inc.*,
  38 Cal. 3d 396 (1985) ..........................................................................................................12

*Boshears v. PeopleConnect, Inc.*,
  No. 22-35262, 2023 WL 4946630 (9th Cir. Aug. 3, 2023) ..........................................8, 9, 11

*Boshears v. PeopleConnect, Inc.*,
  No. C21-1222 MJP, 2024 WL 4069259 (W.D. Wash. Sept. 5, 2024)...................................9

*Callahan v. PeopleConnect, Inc.*,
  No. 21-16040, 2022 WL 823594 (9th Cir. Mar. 18, 2022).......................................9, 11, 12

*Camacho v. Control Grp. Media Co., LLC*,
  No. 21-CV-1954-MMA (MDD), 2022 WL 3093306 (S.D. Cal. July 18, 2022)..............4, 11

*Hammond v. Floor & Decor Outlets of Am., Inc.*,
  No. 3:19-CV-01099, 2020 WL 6459642, (M.D. Tenn. Nov. 3, 2020) .................................3

*Hansen v. LMB Mortg. Servs., Inc.*,
  1 F.4th 667, 672 (9th Cir. 2021) ......................................................................................1, 2

*In re Amazon Serv. Fee Litig.*,
  No. 2:22-CV-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024) ...........................6

*In re Easysaver Rewards Litig.*,
  737 F. Supp. 2d 1159 (S.D. Cal. 2010)..................................................................................6

*Independent Living Resource Center San Francisco v. Uber Technologies, Inc.*,
  No. 18-CV-06503-RS, 2019 WL 3430656 (N.D. Cal. July 30, 2019) ...........................11, 12

*Inglewood Tchrs. Assn. v. Pub. Emp. Rels. Bd.*,
  227 Cal. App. 3d 767 (Ct. App. 1991)................................................................................10

*Johnson v. Walmart Inc.*,
  57 F.4th 677 (9th Cir. 2023) .......................................................................................2, 5, 6

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

ii

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Klaxon Co. v. Stentor Electric Mfg. Co.*,
  313 U.S. 487 (1941) ..................................................................................................3

*Knapke v. PeopleConnect, Inc.*,
  38 F.4th 824 (9th Cir. 2022) .....................................................................................8

*Kuhk v. Playstudios Inc.*,
  No. 2:24-CV-00460-TL, 2024 WL 4529263 (W.D. Wash. Oct. 18, 2024)................1, 3, 5, 6

*Kwan v. Clearwire Corp.*,
  No. C09-1392JLR, 2012 WL 32380 (W.D. Wash. Jan. 3, 2012) ...........................2

*La Force v. GoSmith, Inc.*, No. 17-CV-05101-YGR, 2017 WL 9938681 (N.D.
  Cal. Dec. 12, 2017) ..................................................................................................5

*Ledesma v. Jack Stewart Produce, Inc.*,
  816 F.2d 482 (9th Cir. 1987) ....................................................................................3

*McKee v. AT & T Corp.*,
  164 Wash.2d 372, 191 P.3d 845 (Wash. 2008) .......................................................3

*Munro v. Univ. of S. Cal.*,
  896 F.3d 1088 (9th Cir. 2018) ..................................................................................2

*Pokorny v. Quixtar, Inc.*,
  601 F.3d 987 (9th Cir. 2010) ....................................................................................3

*Reichert v. Rapid Investments, Inc.*,
  56 F.4th 1220 (9th Cir. 2022) ...................................................................................3

*Rui Chen v. Premier Fin. All., Inc.*,
  No. 18-CV-3771 YGR, 2019 WL 280944 (N.D. Cal. Jan. 22, 2019) .............3, 4, 6

*Sgouros v. TransUnion Corp.*,
  817 F.3d 1029 (7th Cir. 2016) ..................................................................................3

*Sundquist v. Ubiquity, Inc.*,
  No. 3:16-CV-02472-H-DHB, 2017 WL 3721475 (S.D. Cal. Jan. 17, 2017) ..........4

*United States for Use & Benefit of Facilities Mech. Contractors, Inc. v. Heffler
  Contracting Grp.*, No. 3-20-cv-0414, 2021 WL 22613 (S.D. Cal. Jan. 4, 2021) ...4

*Veribi, LLC v. Compass Mining, Inc.*,
  No. 222CV04537, 2023 WL 375680 (C.D. Cal. Jan. 20, 2023)..............................4

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

iii

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

**RULES**

Fed. R. Evid. 56 ........................................................................................................................ 2

Fed. R. Evid. 902 ...................................................................................................................... 5

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

iv

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Plaintiffs Jennifer Carrera, Carol Anderson, and Becky Jo Palmer submit this memorandum in opposition to the motion to compel arbitration (ECF No. 16) (the "Motion") filed by Defendant Whitepages, Inc.

## INTRODUCTION

Defendant moves the Court to compel arbitration of Plaintiffs claims brought under the right of publicity statutes of California, Illinois, Ohio, and Washington state. *See* ECF No. 16.

The Motion should be promptly denied. As the movant, Defendant bears the bears an initial burden to summon evidence showing that an agreement to arbitrate exists. *Kuhk v. Playstudios Inc.*, No. 2:24-CV-00460-TL, 2024 WL 4529263, at *3 (W.D. Wash. Oct. 18, 2024). Defendant has produced no such evidence. *See* ECF No. 16. Since the Motion fails to meet Defendant's initial burden, it must be denied. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021).

## BACKGROUND

Plaintiffs Jennifer Carrera, Carol Anderson, and Becky Jo Palmer filed the Class Action Compliant stating one count of misappropriation under each of four states' right of publicity statutes on September 5, 2024. Class Action Compl., ECF No. 1 (the "Complaint"). They allege that Defendant misappropriates the personality interests of millions of Americans to promote subscriptions to its platform, Whitepages Premium. The Complaint alleges a wide-ranging campaign of misappropriation across three different websites operated by Defendant, including whitepages.com, peoplesearch.com, and 411.com. *See* ECF No. 1, ¶¶ 66-224. The Complaint alleges that Defendant is headquartered in Seattle, Washington, and undertook these activities from and within Washington state. *See* ECF No. 1, ¶ 61.

Plaintiffs never allege that they registered for Defendant's services, accessed Defendant's

1

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1  websites, or communicated with Defendant in any way. *See* ECF No. 1. On the contrary, they

2  allege that Defendant uses their names and identities "without providing prior notice to, much

3  less obtaining consent from, any of these people." *Id*. at ¶ 7. Plaintiffs seek to represent a

4  nationwide class of people whose personality rights were misappropriated by Defendant under

5  the Washington statute and state-based classes under the California, Illinois, and Ohio statutes.

6  *See id*. at ¶¶ 237-250.

## LEGAL STANDARD

8  Arbitration is a matter of "consent, not coercion." *Munro v. Univ. of S. Cal.*, 896 F.3d

9  1088, 1092 (9th Cir. 2018) (cleaned up). A court cannot compel arbitration in the absence of an

10  agreement to arbitrate. *Id*. Presumptions in favor of arbitration do not apply to the threshold

11  question of contract formation. *Johnson v. Walmart Inc.*, 57 F.4th 677, 681-82 (9th Cir. 2023).

12  Before compelling arbitration, a court must determine "(1) whether a valid agreement to arbitrate

13  exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id*. at 680.

14  Rule 56's summary judgment standard applies to the two threshold elements necessary to

15  compel arbitration. *Hansen*, 1 F.4th at 672. The moving party bears an initial burden to present

16  evidence showing the existence of an agreement to arbitrate. *See id*.; *Kwan v. Clearwire Corp.*,

17  No. C09-1392JLR, 2012 WL 32380, at *5 (W.D. Wash. Jan. 3, 2012) (stating "[t]his burden is a

18  substantial one."). If the movant presents such evidence, then the nonmovant then has an

19  opportunity to contest it. *Hansen*, 1 F.4th at 672. A "genuine dispute[] of material fact"

20  concerning either element requires the court to "proceed without delay to a trial on arbitrability

21  and hold any motion to compel arbitration in abeyance until the factual issues have been

22  resolved." *Id*. (collecting cases). At trial, the movant must "prove by a preponderance of the

2

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-cv-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

evidence that the parties formed an agreement." *Reichert v. Rapid Investments, Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022).

Contract formation is governed by state law. "Before a federal court may apply state-law principles to determine the validity of an arbitration agreement, it must [first] determine which state's laws to apply." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010). A federal court sitting in diversity applies the conflict of law rules of the state in which the court sits. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987). Washington typically applies the most significant relationship test. *McKee v. AT & T Corp.*, 164 Wash.2d 372, 191 P.3d 845, 851–52 (Wash. 2008). Under each state's law potentially applicable here, contract formation requires an objective manifestation of mutual assent. *See Rui Chen v. Premier Fin. All., Inc.*, No. 18-CV-3771 YGR, 2019 WL 280944, at *2 (N.D. Cal. Jan. 22, 2019) (California law); *Kuhk*, 2024 WL 4529263 at *3 (Washington law); *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034 (7th Cir. 2016) (Illinois law); *Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 3:19-CV-01099, 2020 WL 6459642, at *21 (M.D. Tenn. Nov. 3, 2020) (Ohio law). Where a motion to compel arbitration fails for lack of evidence of an agreement to arbitrate, the Court need not reach the choice of law issue. *See, e.g.*, *Rui Chen*, 2019 WL 280944 at *3.

## ARGUMENT

Defendant has not met its burden to show the existence of an agreement to arbitrate by a preponderance of the evidence. The Motion should be denied.

### A. Defendant Has Not Met Its Burden to Show the Existence of an Agreement to Arbitrate

Defendant has not met its burden to show the existence of an agreement to arbitrate.

3

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Under the summary judgment standard, a party moving to compel arbitration bears an initial burden to present evidence of the existence of an agreement to arbitrate. *See United States for Use & Benefit of Facilities Mech. Contractors, Inc. v. Heffler Contracting Grp.*, No. 320CV01414WQHJLB, 2021 WL 22613, at *4 (S.D. Cal. Jan. 4, 2021) (quoting *Baker v. Italian Maple Holdings, LLC*, 13 Cal. App. 5th 1152, 1160 (2017)). The moving party would usually attach such evidence to its motion. *See, e.g.*, *Veribi, LLC v. Compass Mining, Inc.*, No. 222CV04537MEMFJPR, 2023 WL 375680, at *4 (C.D. Cal. Jan. 20, 2023) ("A petition to compel arbitration is to be heard in the manner of a motion; factual issues are submitted on affidavits or declarations, or on oral testimony in court's discretion."). For instance, movants often append signed contracts or declarations attesting to how the purported counterparty manifested assent (e.g., by clicking a button on a website's terms and conditions). *See, e.g., Sundquist v. Ubiquity, Inc.*, No. 3:16-CV-02472-H-DHB, 2017 WL 3721475, at *1 (S.D. Cal. Jan. 17, 2017); *Camacho v. Control Grp. Media Co., LLC*, No. 21-CV-1954-MMA (MDD), 2022 WL 3093306, at *4 (S.D. Cal. July 18, 2022) (attaching a declaration describing how the parties purported manifested assent to a motion to compel arbitration in a right of publicity case); *Rui Chen*, 2019 WL 280944 at *3.

### 1. The Motion is Supported by No Evidence Whatsoever, Let Alone Any Showing that Plaintiffs Assented to the Terms of Use, and Therefore Falls Far Short of Establishing the Existence of an Agreement to Arbitrate

The Motion is supported by literally no evidence, much less any evidence capable of showing by a preponderance of the evidence the existence of a duly-formed agreement to arbitrate between the parties.

Defendant has submitted no evidence demonstrating that Plaintiffs, their attorneys, or anyone else accessed any whitepages.com webpage on any particular date, that any such webpage

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-cv-01408-JHC

4

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1  contained the same "pop-up" bar (with the same fine-print disclosure statement) at the bottom of
2  the page as depicted in the screenshot embedded in the Motion, that any such person who accessed
3  the page clicked the "got it" button underneath the fine-print statement appearing in the pop-up
4  bar, or that the "got it" button even needed to be clicked in order for the contents of the webpage
5  to be viewed or a screenshot to be saved.  Defendant has not even submitted a copy of the version
6  of the Terms of Use accessible on whitepages.com on the date(s) (which again, Defendant has
7  not identified) on which it contends that Plaintiffs or their attorneys accessed the page.  Nor has
8  Defendant produced any evidence reflecting that Plaintiffs or their attorneys ever signed or
9  otherwise manifested their assented to be bound by the Terms of Use by accessing any such page
10 (such as a copy of a signed document, a record reflecting that the "got it" button on the pop-up
11 bar was clicked, or otherwise).  Consequently, the Motion comes nowhere close to satisfying
12 Defendant's threshold burden to demonstrate that Plaintiffs (either directly or through an agent)
13 assented to the Terms of Use (or the agreement to arbitrate found therein).  *See Kuhk*, 2024 WL
14 4529263 at *5 ("Without providing even the most basic information about how users presumably
15 become bound to Defendant's Terms of Service . . . Defendant has failed to meet (or even
16 approach) its burden to prove by a preponderance of the evidence that the Parties formed an
17 agreement to arbitrate.").
18      Rather than present any evidence showing when, where, or how Plaintiffs assented to the
19 whitepages.com Terms of Use, Defendant asserts that they must have assented, on some unknown
20 date, based on a series of unsupported inferences it draws from a single screenshot, embedded in
21 the Motion, purportedly depicting the current appearance of an altogether different website,
22 peoplesearch.com.  *See* ECF No. 16 at 1-2 (asserting that when a visitor accesses the
23 peoplesearch.com home page, "a pop up appears alerting them to the Privacy Policy and Terms

5

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1   of Service" and that "[t]o clear the pop-up, a user must click the 'Got it' button"). This falls fall

2   short of meeting Defendant's burden. Even if the screenshot embedded in the Motion were

3   evidence that the Court could consider in deciding the Motion – and it is not[1] – the screenshot is

4   from the wrong website. *See* ECF No. 16 at 1-4 (allegedly depicting the home page of

5   www.peoplesearch.com). The Complaint contains no screenshots from webpages on

6   peoplesearch.com – only webpages on www.whitepages.com. *Compare* ECF No. 16 at 4-5, *with*

7   ECF No. 1 (showing that every screenshot in the Complaint is from whitepages.com).

8   Accordingly, this screenshot is plainly incapable of satisfying Defendant's initial burden of

9   establishing the existence of an agreement to arbitrate. *See, e.g.*, *Kuhk*, 2024 WL 4529263 at *5;

10  *Johnson*, 57 F.4th at 681-82.

11      Defendant nevertheless theorizes that "Plaintiffs (or their attorneys) accessed Whitepages'

12  free products, thereby accepting Whitepages' Terms of Service." ECF No. 16 at 4. This theory

13  rests on three assumptions: first, that the same pop-up bar (containing the fine-print hyperlink to

14  the Terms of Use and the "got it" button) that currently appears on the peoplesearch.com home

15  page also appeared on the whitepages.com home page on the (unspecified) occasion(s) on which

---

[1] The screenshot embedded in the Motion is not admissible evidence that the Court may consider in deciding the Motion. Screenshots of webpages must be authenticated to constitute summary judgment evidence. *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) ("Information from the internet does not necessarily bear an indicia of reliability and therefore must be properly authenticated by affidavit."). The Federal Rules permit authentication of webpages by a declaration, made under penalty of perjury, which "describes the process by which the webpage was retrieved." Fed. R. Evid. 902, Advisory Committee Notes to 2017 Amendments at ¶ 5. No declaration or affidavit accompanies Defendant's Motion, much less one conforming to Rule 902. *See* ECF No. 16. Given the lack of authentication, the screenshot is inadmissible. *See La Force v. GoSmith, Inc.*, No. 17-CV-05101-YGR, 2017 WL 9938681, at *3 (N.D. Cal. Dec. 12, 2017) (striking unauthenticated screenshots attached to a motion to compel arbitration); *In re Amazon Serv. Fee Litig.*, No. 2:22-CV-00743-TL, 2024 WL 3460939, at *5 (W.D. Wash. July 18, 2024) (declining to take judicial notice of screenshots when the proponent did not offer evidence that they represented the website at the time plaintiffs supposedly accessed it); *see also Rui Chen*, 2019 WL 280944 at *2 n.4.

6

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1  Defendant says Plaintiffs or their attorneys visited whitepages.com; second, that this same pop-
2  up bar also appeared at the base of all of the whitepages.com free-preview profile pages (including
3  those pertaining to the Plaintiffs); and third, that the Plaintiffs (or their attorneys) must have
4  accessed the named Plaintiffs' free-preview profile pages, seen the pop-up bars at the bottom of
5  the pages, and clicked the "got it" buttons appearing in each of those pop-up bars in order to have
6  obtained the screenshots depicting the named Plaintiffs' free-preview profile pages that are
7  included in the Complaint. None of these assumptions stands up to scrutiny.

8  First, Defendant has submitted no evidence to demonstrate that the pop-up bar (containing
9  the fine-print, hyperlink to the Terms of Use, and "got it" button depicted in the screenshot from
10 the Motion) bar also appeared on the whitepages.com home page on the (unspecified) occasion(s)
11 on which Defendant says Plaintiffs or their attorneys visited whitepages.com.

12 Second, the "pop-up" that currently appears on the whitepages.com home page only
13 appears on that specific page.  It does not appear on any of the whitepages.com free-preview
14 profile pages, including those pertaining to Plaintiffs and putative class members.  And as the
15 Complaint alleges, visitors access these free-preview profile pages directly, by clicking on
16 hyperlinks that appear in the results of internet search engine queries – without ever visiting the
17 whitepages.com home page.  *See* ECF No. 1, ¶ 230; *see also* Somes Declaration, Exhibit A
18 ("Somes Decl."), ¶¶ 10-11.  In this manner, users can navigate the site without ever encountering
19 a "pop up." *See* Somes Decl. at ¶¶ 10-11.[2]  Thus, neither Plaintiffs nor their counsel received
20 notice of, let alone manifested their assent to, the Terms of Use merely by accessing Plaintiffs'

---

[2] It is not until the very end of the purchase flow, on the checkout page, that a visitor to a free-preview profile page is asked to manifest assent to the Terms of Service. *See id*. And Defendant has submitted no evidence that any of the Plaintiffs or their attorneys ever purchased any of Defendant's services (because they have not).

7

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-cv-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1  free-preview profile pages in the course of investigating Plaintiffs' claims and preparing the
2  Complaint.

3  Third, even if the same "pop-up" bar shown in the screenshot of the peoplesearch.com
4  home page embedded in the Motion also appeared on the Plaintiffs' whitepages.com free-preview
5  profile pages at the time those pages were accessed by Plaintiffs or their attorneys, the mere
6  inclusion of screenshots depicting those pages in the Complaint does not evidence Plaintiffs' or
7  their attorneys' assent to the Terms of Use.  This is because the free-preview profile pages could
8  be accessed and viewed, and screenshots of those pages could be taken, without any "got it"
9  button appearing in any "pop-up" ever having been clicked by the visitor (to the extent any such
10 bar was even noticed).  *See* Somes Decl. at ¶¶ 10-11.  And again, Defendant has presented no
11 evidence showing that any of the Plaintiffs, their counsel, or anyone else acting on their behalf
12 ever visited any of these pages, much less that any such person clicked the "got it" button in any
13 pop-up bar that displayed.  In fact, even the "pop-up" that currently appears on the
14 whitepages.com home page – the sole focus of the Motion – disappears from the screen
15 automatically approximately five seconds after the page loads, even without the visitor having
16 clicked the "got it" button or taken any other action to acknowledge the existence of the bar (much
17 less assent to the Terms of Use to which the fine print hyperlink in the bar directs).[3]

18 Simply put: the speculative, inference-based theory underlying the Motion is a bridge too
19 far.  Because Defendant has submitted no evidence that anyone—neither Plaintiffs, nor their
20 attorneys, nor anyone else—ever agreed to be bound by the Terms of Service (or the incorporated
21 arbitration provision), there is no basis for the Court to compel arbitration in this case.  *See*

22

---

23 [3] Thus, Defendant's assertion that "[t]o clear the pop-up, a user must click the 'Got it' button," Mot. at 1-2, is simply not true.

8

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-cv-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

*Johnson*, 57 F.4th 677 at 681-82 (9th Cir. 2023) (Before compelling arbitration, courts must determine "whether a valid agreement to arbitrate exists . . . .").

### 2. Defendant Has Not Established an Agency Relationship Sufficient to Bind Plaintiffs to the Terms of Service

Even if Defendant could show by a preponderance of the evidence that Plaintiffs' attorneys agreed to be bound by the Terms of Service (which it cannot), Defendant has not produced evidence establishing an agency relationship sufficient to bind Plaintiffs to the Terms of Service through the actions of their attorneys.

This issue has been thoroughly litigated in previous right of publicity cases. Those cases show that Defendant has failed to establish that Plaintiffs would be bound by any purported agreement to arbitrate entered into by their attorneys. The most comprehensive treatment of the issue appears in a series of cases against PeopleConnect, Inc. *See, e.g.*, *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824 (9th Cir. 2022); *Boshears v. PeopleConnect, Inc.*, No. 22-35262, 2023 WL 4946630, at *1 (9th Cir. Aug. 3, 2023). In those cases, the Ninth Circuit clarified that an attorney's consent to terms of service can bind his or her client only if the movant proves that: (1) the attorney became the client's agent before consenting to the terms of use; *and* (2) the client "knowingly accepted a benefit from, failed to repudiate, or exhibited conducting adopting" the attorney's consent.[4] *Boshears*, 2023 WL 4946630 at *1; *see also Callahan v. PeopleConnect, Inc.*, No. 21-16040, 2022 WL 823594, at *4 (9th Cir. Mar. 18, 2022) (noting that the movant bears the burden "to prove the scope of counsel's authority.").

---

[4] Defendant describes these factors as alternatives, *see* ECF No. 16 at 5, but *Boshears* makes clear that *both* elements must be met to bind the client to the attorneys' consent to arbitrate. *See Boshears*, 2023 WL 4946630 at *1.

9

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Defendant fails to provide evidence on either of these elements. With respect to the first element, it offers no evidence regarding when Plaintiffs' attorneys became their agents. *See* ECF No. 16. With respect to the second, Defendant does not even suggest how Plaintiffs have adopted their attorney's purported consent. *See id*. Since Defendant has not met its burden on either element, the Motion must be denied. *See Inglewood Tchrs. Assn. v. Pub. Emp. Rels. Bd.*, 227 Cal. App. 3d 767, 780 (Ct. App. 1991) ("Generally, the existence of an agency relationship and the extent of the authority of an agent are questions of fact, and the burden of proving agency, as well as the scope of the agent's authority, rests upon the party asserting the existence of the agency and seeking to charge the principal with the representation of the agent.").

Defendant cites the *PeopleConnect* cases but never mentions how the arbitration issue was ultimately decided. Applying Ninth Circuit's instructions, Judge Pechman recently denied the motion to compel arbitration. *Boshears v. PeopleConnect, Inc.*, No. C21-1222 MJP, 2024 WL 4069259, at *1 (W.D. Wash. Sept. 5, 2024) (applying Washington contract law). The court found that the "attorneys' agreement to arbitrate exceeded the bounds of their [agency] authority because it was not an act necessary to further the [plaintiff's] class action claims." *Id*. at *8. Because the representation agreement between Boshears and his attorney was solely for class action purposes and the website's terms of use prohibited participation in class actions, the court found that Boshears's attorney inherently acted outside the scope of his agency relationship with Boshears when he agreed to the terms of service. *Id*.

This Court need not engage in that level of analysis, however. In *Boshears*, the attorneys' consent to the terms of service was undisputed. *See id*. Here, by contrast, Defendant has yet to produce a shred of evidence showing the existence of an agreement to arbitrate (neither one binding Plaintiffs nor their attorneys). Defendant has not met its initial threshold burden to

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

10

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

1   produce some evidence of an agreement. The Motion's citations to the *PeopleConnect* cases
2   therefore place the cart well before the horse—and, in any case, the motion to compel arbitration
3   was ultimately denied in those cases. *Id.*; *see also Callahan v. PeopleConnect, Inc.*, No. 21-
4   16040, 2022 WL 823594, at *1–2 (9th Cir. Mar. 18, 2022) (holding, in a right of publicity case,
5   that "Plaintiffs' counsel did not have implied actual authority or apparent authority to bind his
6   clients to arbitration."); *see also Camacho*, 2022 WL 3093306 at *10 (holding, in a right of
7   publicity case, that an attorney's consent to a website's terms of service did not bind his client).

8        Defendant's citation to *Independent Living Resource Center San Francisco v. Uber
9   Technologies, Inc.* does not suggest a different result. No. 18-CV-06503-RS, 2019 WL 3430656
10  (N.D. Cal. July 30, 2019). In that case, Uber moved to compel arbitration based upon a paralegal's
11  consent to its terms of service on behalf of disability rights plaintiffs. *Id*. at *3. There are several
12  outcome-determinative differences between Uber's motion and Defendant's own. First, there
13  was no dispute of fact regarding the existence of an agreement in *Uber*, unlike in this case, as
14  described above. *Id*. at *1. ("Plaintiffs also admit that [the paralegal] agreed to Uber's Terms of
15  Use . . . ."). Second, the plaintiffs in *Uber* "concede[d] that [the paralegal] was acting as their
16  agent when she tested the wait times for the Uber App's various services," unlike here. *Id*. at *3.
17  Third, Uber made its motion with the benefit of discovery on arbitrability and was able to
18  reference the resulting evidence in its motion, unlike Defendant. *Id*. at *1. Fourth, with respect
19  to the timing element, the court found that the paralegal renewed her consent to Uber's terms of
20  service each time she opened the app, meaning that the fact she initially consented before
21  becoming the plaintiffs' agent was not determinative; Defendant makes no such allegation. *Id*. at
22  *4 n.2. For each of these reasons, the Defendant's analogy to *Uber* is not compelling.
23

11

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-cv-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

At least one court considering a motion to compel arbitration in the right of publicity case has specifically distinguished *Uber*. In *Callahan*, the court characterized *Uber* as "authority to support [the movant's] general position on agency" and then quickly noted that "*Uber* is not binding." 2022 WL 823594 at *5. The court pointed out that *Uber* did not address the California Supreme Court's on-point authority in *Blanton v. Womancare, Inc.*, which held that "absent client consent or ratification, a lawyer cannot bind a client to an arbitration agreement by virtue of the attorney-client relationship alone." *Id*. (citing 38 Cal. 3d 396, 399 (1985)). Applying California law, the court wrote that "*Blanton* is binding on this Court" and denied the movant's motion to compel arbitration. *Id*. at *6-*7.

The Court should deny the Motion because Defendant has presented no evidence establishing the elements of an agency relationship sufficient to bind Plaintiffs to any arbitration agreement purportedly agreed to by their attorneys. *See, e.g.*, *Boshears*, 2023 WL 4946630 at *1; *Callahan*, 2022 WL 823594 at *1–2.

### B. The Court Should Not Stay This Action

Defendant has not established the existence of an agreement to arbitrate by a preponderance of the evidence. As a result, the Court should deny Defendant's request for a stay of this action. *See, e.g.*, *Smith v. Google, LLC*, 722 F. Supp. 3d 990, 995 (N.D. Cal. 2024) (denying movant's request for a stay when the court found that it had failed to prove the existence of an agreement to arbitrate by a preponderance of the evidence).

### CONCLUSION

For the foregoing reasons, the Motion should be denied.

12

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

Dated:  December 30, 2024          Respectfully submitted,

**HEDIN LLP**

By:  */s/ Nick Major*

**NICK MAJOR LAW**
NICK MAJOR
450 Alaskan Way S. #200
Seattle, WA 98104
Telephone: (206) 410-5688
E-Mail: nick@nickmajorlaw.com

**HEDIN LLP**
Frank S. Hedin (*pro hac vice*)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com

**HEDIN LLP**
Tyler K. Somes (*pro hac vice*)
1100 15th Street NW, Ste 04-108
Washington, DC 20005
Telephone: (202) 900-3331
Email: tsomes@hedinllp.com

*Counsel for Plaintiffs and the Putative Class*

13

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

HEDIN LLP
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

## WORD COUNT

I certify that this memorandum contains 3,881 words in compliance with the Local Rules.

DATED this 30th day of December, 2024.

/s/ *Tyler K. Somes*
Tyler K. Somes

14

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:24-CV-01408-JHC

**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107