THE HONORABLE JOHN H. CHUN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JENNIFER CARRERA, CAROL ANDERSON, BECKY JO PALMER, ELIZABETH STACHOVIC, RANDALL BRILEY, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

WHITEPAGES, INC.,

Defendant.

Case No. 2:24-cv-01408-JHC

NOTE ON MOTION CALENDAR:

**August 21, 2026**

**DECLARATION OF TYLER K. SOMES**
**IN SUPPORT OF PLAINTIFFS' OPPOSITION**
**<u>TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER</u>**



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

I, Tyler K. Somes, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I am an attorney at the law firm Hedin LLP and a member in good standing of the District of Columbia Bar and the State Bar of Texas and I submit this declaration in support of Plaintiffs' Opposition to Defendant's Motion for a Protective Order (ECF No. 59) (the "Motion") in the above-captioned action.

2. From 2021 to 2022, I served as law clerk to the Honorable Richard C. Wesley, Senior Judge on the United States Court of Appeals for the Second Circuit.

3. Before joining Hedin LLP, I worked for four years at a large commercial law firm in Washington, DC and Austin, Texas, where I represented plaintiffs and defendants in a wide range of commercial litigation matters.

4. I represent Plaintiffs Jennifer Carrera, Carol Anderson, Becky Jo Palmer, Elizabeth Stachovic, and Randall Briley ("Plaintiffs") in the above-captioned action.

5. Prior to Defendant's filing of the Motion, Plaintiffs served ten sets of discovery requests on Defendant consisting of 62 requests for production, 52 requests for admission, and 21 interrogatories.

6. On August 13, 2026, I accessed the e-discovery platform utilized by my law firm to manage discovery in the above-captioned matter and determined that Defendant had produced over 6,300 documents consisting of over 16,000 pages in response to Plaintiffs' discovery requests.

7. On April 23, 2026, I took the deposition of Defendant's Chief Technology Officer, Eric Merritt, before a court reporter.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

8. On May 4, 2026, I took the deposition of Defendant's Chief Marketing Officer, Jennifer Wood, before a court reporter.

9. Attached as **Exhibit 1** is a true and correct copy of the transcript of the deposition I took of Defendant's Chief Marketing Officer, Jennifer Wood, on May 4, 2026.

10. On July 17, 2026, I emailed Defendant's counsel advising that Plaintiffs intended to notice a deposition of Defendant's Chief Executive Officer, Leigh McMillan, and requesting that she be added as a custodian whose documents would be searched for responsive materials. This email is in my possession and Plaintiffs will submit it for the record if requested.

11. On July 22, 2026, I spoke with Defendant's counsel on the phone about Plaintiffs' intent to notice a deposition of Defendant's Chief Executive Officer, Leigh McMillan, and request that she be added as a custodian whose documents would be searched for responsive materials

12. Later on July 22, 2026, I sent Defendant's counsel an email attaching several documents produced in discovery by Defendant consisting of correspondence to or from Leigh McMillan. This email is in my possession and Plaintiffs will submit it for the record if requested.

13. On July 24, 2026, I transmitted a deposition notice for Leigh McMillan to Defendant's counsel via email. My email read in part: "We are flexible on this date if August 25 does not work for the witness." This email is in my possession and Plaintiffs will submit it for the record if requested.

14. On July 29, 2026, I sent an email to Defendant's counsel proposing to limit Leigh McMillan's deposition to six hours and attaching a list of proposed searches for Defendant to run against Leigh McMillan's electronically stored information ("ESI"). This email is in my possession and Plaintiffs will submit it for the record if requested.



**HEDIN LLP**
1395 BRICKELL AVE., SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

15. A true and correct copy of the searches that I proposed for Defendant to run against Leigh McMillan's ESI in my July 29, 2026, email is attached as **Exhibit 2**.

16. A true and correct copy of the December 16, 2025, letter from Defendant's counsel containing (as an attachment) Defendant's redlines to Plaintiffs' original search methodology proposal and which, upon information and belief, reflects the searches run by Defendant on the materials collected from the set of custodians listed therein is attached as **Exhibit 3**.

17. On August 1, 2026, I sent Defendant's counsel an email asking them to explain the basis for the representation in the Motion that Plaintiffs' "proposed search term list for Ms. McMillan's documents increases the unique search terms by 13 terms to a total of 98 unique search terms" in the Motion. On August 4, 2026, Defendant's counsel responded: "We are using the counting method (each disjunctive counts as a separate search term) and terminology ("search term") from the ESI protocol." These emails are in my possession and Plaintiffs will submit them for the record if requested.

18. Prior to filing the Motion, Defendant did not make a counter-proposal to my offer to limit Leigh McMillan's deposition to six hours and run ten Boolean searches against her ESI.

19. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_004909 is attached as **Exhibit 4**. This document was produced by Defendant to Plaintiffs on February 27, 2026.

20. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_005789 is attached as **Exhibit 5**. This document was produced by Defendant to Plaintiffs on February 27, 2026.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

21. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_003491 is attached as **Exhibit 6**. This document was produced by Defendant to Plaintiffs on February 27, 2026.

22. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_005910 is attached as **Exhibit 7**. This document was produced by Defendant to Plaintiffs on February 27, 2026.

23. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_015339 is attached as **Exhibit 8**. This document was produced by Defendant to Plaintiffs on July 31, 2026.

24. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_016216 is attached as **Exhibit 9**. This document was produced by Defendant to Plaintiffs on July 31, 2026.

25. On August 13, 2026, I accessed the e-discovery platform utilized by my law firm to manage discovery in the above-captioned matter and conducted several searches for phrases appearing in the document produced by Defendant beginning with Bates No. WP-CAR_016216 is attached as Exhibit 9 hereto. Those searches included these phrases: "recent test in the person funnel"; "Most examples are around upsells"; and "What about a background bundle". Each of those searches returned exactly one document: WP-CAR_016216. I also searched for emails to Kate Hearon from November 10, 2021, to November 30, 2021, and obtained no results.

26. A true and correct copy of the privilege log produced by Defendant is attached as **Exhibit 10**.



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107

27. A true and correct copy of the document produced by Defendant beginning with Bates No. WP-CAR_006175 is attached as **Exhibit 11**. This document was produced by Defendant to Plaintiffs on March 10, 2026.

28. A true and correct copy of the deposition notice for Leigh McMillan which I served on Defendant's counsel via email on July 24, 2026, is attached as **Exhibit 12**.

29. On December 18, 2025, I participated in a meet and confer with Defendant's counsel to discuss a list of custodians and search terms against which searches would be run to determine the number of documents returned by those searches (e.g., "hit counts"). After receiving those numbers, I sent Defendant's counsel an email on January 20, 2026, stating "We are good with running the terms as proposed in the hit reports." My email also stated: "by agreeing to the search terms, we are not waiving Whitepages's responsibility to locate and produce documents that it otherwise knows are responsive to the requests." A true and correct copy of this email is attached as **Exhibit 13**.

30. I declare, under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of August, 2026, in Washington, DC.

*/s/ Tyler K. Somes*
Tyler K. Somes



**HEDIN LLP**
1395 BRICKELL AVE.,
SUITE 1140
MIAMI, FLORIDA 33131
PHONE: (305) 357-2107